IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:11-HC-2131-D

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | **ORDER** |
| NORMAN FOSTER, | ) | |
| Respondent. | ) | |

### Government's Motion to Compel (D.E. 22)

This case comes before the court, in part, on the government's motion (D.E. 22) to compel respondent to submit to a psychological examination by Dale Arnold, Ph.D. Arnold is a licensed psychologist who has already prepared an evaluation of respondent on behalf of the government without interviewing him. (Arnold Rep. (D.E. 19-1) 1). The government seeks an examination by Arnold primarily because respondent has submitted to an examination by the respondent-selected examiner appointed by the court, psychologist Joseph J. Plaud, Ph.D. (*see* Plaud Rep. (D.E. 21-1) 1; Order (D.E. 13)), and it believes fairness dictates that a psychologist of its choosing also have the opportunity to examine respondent. Respondent has filed a memorandum in opposition (D.E. 25) in which he objects to an examination by Arnold and requests, in the alternative, that any questioning proceed by written interrogatory or that the court to allow respondent's counsel to be present to observe and record the interview.

Under the circumstances presented, the court finds that Arnold, whose credentials the court has reviewed and finds satisfactory for purposes of this order (*see* D.E. 17-1), should be appointed as an examiner pursuant to 18 U.S.C. §§ 4247(b) and 4248(b). He will necessarily be

acting as one selected by the government. IT IS THEREFORE ORDERED as follows:

1. The motion (D.E. 22) is ALLOWED on the terms set forth herein.

2. The court hereby APPOINTS Arnold as a mental health examiner pursuant to 18 U.S.C. §§ 4247(b) and 4248(b).

3. Arnold shall conduct a psychological examination of respondent and shall prepare a written report on the examination containing the information prescribed by 18 U.S.C. § 4247(c), as well as a copy of his curriculum vitae. The report shall be filed with the court, under seal without further order of the court, with copies provided to counsel for each party, also pursuant to 18 U.S.C. § 4247(c).

4. Respondent shall submit to the examination by Arnold.

5. Neither counsel for respondent nor counsel for the government shall be present during the examination. If, however, Arnold later consents to the presence of respondent's counsel, respondent's counsel may be present during the examination.

6. The examination may be recorded, unless Arnold, the government, or the respondent later objects.

7. The Department of Justice shall be responsible for payment of the costs of the examination by Arnold and his report.

8. No other expert shall conduct a mental health examination of respondent on behalf of the government (or respondent) without prior court approval.

### Respondent's Motion for Protective Order (D.E. 23)

Also before the court is respondent's motion (D.E. 23) for a protective order regarding the government's intention to depose respondent. The government has filed a memorandum in

Case 5:11-hc-02131-D-JG   Document 26   Filed 12/08/11   Page 2 of 3

response. (D.E. 24). To the extent the motion seeks to prohibit a deposition of respondent or to proceed by written interrogatory only, the motion is DENIED. The government is entitled under the Federal Rules of Civil Procedure to conduct an oral deposition of respondent. *See* Fed. R. Civ. P. 30(a)(1). Respondent retains the right to object to questions posed to him. *See id.* (c)(2). Upon notice of the timing of the deposition and subject to the court's availability, the parties may bring to the court's attention for possible resolution disputes which may arise during the deposition.

SO ORDERED, this 8th day of December 2011.

James E. Gates
United States Magistrate Judge

3

Case 5:11-hc-02131-D-JG   Document 26   Filed 12/08/11   Page 3 of 3